UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LANCE SANCHEZ, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> -against- <br><br> CONQUEST COMPLETION SERVICES, LLC <br><br> Defendant. | No: 4:20-cv-04167 <br><br><br> COLLECTIVE ACTION COMPLAINT |

Lance Sanchez ("Plaintiff" or "Sanchez"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – mixing operators and other similarly situated employees (collectively "Non-Exempt Employees") – who work or have worked for Conquest Completion Services, LLC (hereinafter, "Defendant" or "Conquest"), throughout the United States.

2.      According to their website, Conquest was established in 2014 and "operates one of the largest fleets of high capacity extended reach coiled tubing units in the Lower 48."[1]

3.      Conquest pays its Non-Exempt Employees partly on an hourly basis, and then also pays them additional wages on the same or separate paycheck.  These additional wages are subject to applicable payroll taxes.

4.      Despite being non-exempt employees, Conquest has failed to properly pay Non-

_____

[1] *About Us*, available at: https://conquestllc.com/about-us/ (last visited July 6, 2020).

Exempt Employees overtime compensation at 1.5 times their regular rate of pay.  Specifically, Conquest did not factor in *all* compensation it paid Non-Exempt Employees when calculating the regular rate of pay for purposes of calculating and paying overtime.  As a result, Conquest has significantly underpaid Non-Exempt Employees for overtime hours worked.

5.      Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Employees who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

7.      The proposed collective action includes a total number of plaintiffs in excess of 100.

8.      Venue is proper in the Houston Division of the Southern District of Texas because Defendant resides in this District and performs substantial business in this District.

## THE PARTIES

**Plaintiff**

**Lance Sanchez**

9.      Sanchez is an adult individual who is a current resident of the State of Texas.

10.     Sanchez was employed by Conquest as a mixing plant operator from approximately October 2018 through April 2020.

11.     At all relevant times, Sanchez was an "employee" of Conquest as defined by the FLSA.

12.     At all relevant times, Conquest was Sanchez's "employer" as defined in the FLSA.

13.     A written consent form for Sanchez is being filed with this Collective Action Complaint.

**Defendant**

**Conquest Completion Services, LLC**

14.     Conquest Completion Services, LLC is a foreign for-profit corporation organized and existing under the laws of Delaware.

15.     Conquest Completion Services, LLC's principal executive office and corporate headquarters are located at 9805 Katy Fwy. Ste. 675, Houston, Texas 77024.

16.     At all relevant times, Conquest Completion Services, LLC's has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

17.     Conquest Completion Services, LLC's applies the same employment policies, practices, and procedures to all Non-Exempt Employees at their locations throughout the United States.

18.     At all times relevant, Conquest Completion Services, LLC's has had an annual gross volume of sales in excess of the FLSA's $500,000.00 threshold for enterprise coverage.

19.     At all times relevant, Conquest Completion Services, LLC's gross annual revenues exceeded $10 Million.

20.     At all times relevant, Conquest Completion Services, LLC had at least two employees that handled, sold, or worked on good or materials that were produced for interstate commerce, including, but not limited to: tools, vehicles, computers, and telephones.

## FACTS

21.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Lance Sanchez**

22.     Sanchez was employed by Conquest as a mixing plant operator hand from

3

approximately October 2018 to April 2020 in Hobs, New Mexico, Midland Texas, and Odessa, Texas.

23.     During the course of his employment, Sanchez regularly worked over 40 hours per week up to approximately 80 hours in a workweek.

24.     Despite regularly working over 40 hours per week, Conquest did not properly pay Sanchez proper overtime compensation for all hours worked over 40.  In this regard, Conquest compensated Sanchez in part on an hourly basis on his paystubs, specifically, $21.00 or $23.00 per hour.  In addition to this hourly wage, Sanchez would also receive additional wages on the same or separate paystub.  This additional compensation was subject to taxes, included in his year to date wage amounts, and depended upon the hours worked by Sanchez.

25.     Conquest failed to pay Sanchez proper overtime compensation because it failed to pay him 1.5 times his regular rate of pay, which should have included *all* wages received and not just those labeled as hourly rates of pay.  As a result, Conquest significantly underpaid Sanchez for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Employees for Conquest throughout the United States who elect to opt-in to this action (the "FLSA Collective").

27.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

28.     Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

29.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the

FLSA Collective have performed.

30.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

31.     Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay overtime compensation to its employees.

32.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

33.     There are many similarly situated current and former Non-Exempt Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

34.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

35.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA

Collective.

37.     During this time, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

38.     Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all compensation earned per workweek – for all hours worked beyond 40 per workweek.

39.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Conquest. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

D.      Reasonable attorneys' fees and costs of the action; and

E.      Such other relief as this Court shall deem just and proper.

Dated: December 7, 2020

Respectfully submitted,

**/s/ David I. Moulton**

By: _____

Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:     (713) 877-8788
Telecopier:     (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com


**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Armando A. Ortiz, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

*Attorneys for the Plaintiff and Putative Class & Collective*